# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION



FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 SEP -6 PM 5:23

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **1:17CR 104** |
| Plaintiff, | : | JUDGE **DLOTT** |
| v. | : | **INDICTMENT** |
| AMIT PATEL,<br>    a/k/a Alex Patel,<br>MIMI CHANG,<br>ANDREA MULLINS,<br>DEANNA WILLIAMS,<br>    a/k/a Dee Dee Williams,<br>DANNY RAY HORNE, | : | 18 U.S.C. § 1951<br>18 U.S.C. § 981<br><br>**FORFEITURE ALLEGATION** |
| Defendants. | : | |

**THE GRAND JURY CHARGES:**

## COUNT ONE

**(Conspiracy to Commit Hobbs Act Robbery)**

On or about March 30, 2016, the exact date being unknown and continuing up to and including April 2, 2016, within the Southern District of Ohio, and elsewhere, the defendants, **AMIT PATEL, a/k/a Alex Patel, MIMI CHANG, ANDREA MULLINS, DEANNA WILLIAMS, a/k/a Dee Dee Williams,** and **DANNY RAY HORNE,** conspired to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence, as defined in Title 18, United States Code, Section 1951(b), that is: the defendants, **PATEL, CHANG, MULLINS, WILLIAMS,** and **HORNE,** conspired to unlawfully take and obtain diamonds and jewelry in the possession of an individual lawfully engaged in the commercial activity of dealing in diamonds and jewelry, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, and the person of another.

**In violation of Title 18, United States Code, Section 1951.**

## FORFEITURE ALLEGATION 1

Upon conviction of the offense set forth in Count One of this Indictment, the defendants, **AMIT PATEL**, a/k/a Alex Patel, **MIMI CHANG, ANDREA MULLINS, DEANNA WILLIAMS**, a/k/a Dee Dee Williams, and **DANNY RAY HORNE**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense and a sum of money equal to at least $1,067,797.00, which represents the total amount of proceeds the defendants obtained as a result of the offense, with each defendant receiving credit for amounts forfeited from any single defendant.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of at least $1,067,797.00.

A TRUE BILL.

/S/
_____
GRAND JURY FOREPERSON

**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

_____
**TIMOTHY D. OAKLEY**
**ASSISTANT UNITED STATES ATTORNEY**